UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JEFFREY TENDLER,

                 Plaintiff,      SECOND AMENDED
    -against-                          COMPLAINT AND
                                         JURY DEMAND

                                         No. 13-cv-1649-PGG

THE CITY OF NEW YORK and
MICHAEL BANKS, ELVEDIN GUTIC,
STEVEN ANDERSEN, RYAN CHAN,
GREGORY CREAMER, and ERIC GIUILIANI,
Officers, Supervisors, and/or Commanders of
The New York City Police Department,

                 Defendants.
------------------------------------x



## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, Police Officers Michael Banks, Elvedin Gutic, Steven Andersen, Ryan Chan, Gregory Creamer and Eric Giuiliani of the New York City Police Department and other members of the NYPD currently unknown to plaintiff, arising out the false arrest, unlawful imprisonment, and assault and battery of Jeffrey Tendler.

2. This action is a nightmare case of mistaken identity due to the defendants' incompetence, unmitigated aggressiveness, and lack of training.

3. On December 18, 2011, Police Officers Michael Banks, Elvedin Gutic, Steven Andersen, Ryan Chan, Gregory Creamer and Eric Giuiliani of the New York City Police Department, the exact number which is unknown at this time, acting under the color of state law, jointly and severally, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention as well as assault and battery for acts of which plaintiff was innocent.

4. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

5. The plaintiff, Jeffrey Tender, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

6. This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

7. The amount in controversy exceeds $75,000.00 excluding interest and costs.

8. Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

9. Plaintiff Jeffrey Tendler at all times relevant hereto resided in the City and State of New York, County of New York.

10. That at all times hereinafter mentioned, and upon information and belief, defendant the City of New York, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

11. The NYPD was at all times relevant hereto, an agency of the defendant the City of New York.

12. That at all times hereinafter mentioned, and on information and belief, the defendants Police Officers Michael Banks, Elvedin Gutic, Steven Andersen, Ryan Chan, Gregory Creamer and Eric Giuiliani of the New York

City Police Department, were at all times relevant hereto, employees of the defendant City of New York, as police officers employed by the NYPD.

13. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

14. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, the City of New York. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, the City of New York.

15. That as a result of the foregoing, the defendant, the City of New York, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## NOTICE OF CLAIM

16. Within 90 days of the occurrence of the incident, plaintiffs filed written Notice of Claim with the City of New York. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

17. On December 18, 2011, at approximately 11:50 a.m., plaintiff was at his home on the 5th Floor of 927 Broadway, New York, NY with his 12-year-old son Dean, his 17-year-old daughter Paige, and Paige's friend, Emily Diaz.

18. At the time plaintiff's wife Susan was out Christmas shopping.

19. At or about this time on December 18, 2011, a member of the NYPD called up to the plaintiff's apartment via an intercom and told him to open the door.

20. Plaintiff went downstairs to the lobby area to find out what the NYPD wanted and to make sure it was indeed the police ringing the intercom and not someone just pretending to be a police officer.

21. As plaintiff arrived downstairs he observed approximately six police officers. The police refused to explain to the plaintiff why they were there or the nature of any complaint.

22. Even though plaintiff was cooperative with the police, a member of the NYPD then inexplicably grabbed the plaintiff and told a second police officer to handcuff plaintiff.

23. The second police officer then grabbed plaintiff by the shoulder, pushed plaintiff against the wall, and handcuffed him.

24. When the plaintiff complained that the handcuff on his right wrist was too tight the police officer who had handcuffed him told him to shut up.

25. Then members of the NYPD pulled the plaintiff up five flights of stairs to his apartment, yanking his arms up behind plaintiff the entire time.

26. While plaintiff was forced to remain outside of his apartment, other members of NYPD knocked on plaintiff's apartment door on the fifth floor.

27. When plaintiff told his son it was the police and that he should open the door a member of NYPD told plaintiff to shut up.

28. Members of the NYPD, lacking a warrant, then entered plaintiff's apartment where they conducted a search.

29. Part of their search included barging into plaintiff's daughter's bedroom where she and her friend were sleeping.

30. Members of the NYPD claimed they were investigating an allegation of domestic violence, but when they realized plaintiff had nothing to do with this allegation and they had no basis to be in plaintiff's home, they agreed to leave and to remove the handcuffs that had been placed on the plaintiff.

31. When a member of the NYPD was having difficulty removing the handcuffs, another member of the NYPD yanked the plaintiff's arms up for approximately three minutes in order to get the handcuffs off, causing the plaintiff to feel excruciating pain.

32. In total, plaintiff was handcuffed for approximately 15 minutes.

33. Plaintiff suffered emotional distress, including nightmares, due to his violent arrest and detention in front of his children.

34. Plaintiff suffered physical pain as result of NYPD's actions. Specifically, plaintiff suffered pain to his right wrist and shoulder as well as his neck.

35. As a result of plaintiff's actions plaintiff suffered a ligament tear to his right shoulder.

36. As a result of his injuries plaintiff has received medical treatment.

37. Defendants acted maliciously and intentionally.

38. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

39. Paragraphs 1 through 38 are herein incorporated by reference.

40. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

42. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## (MUNICIPAL LIABILTY)

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. Defendant City of New York is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

45. Defendant City of New York is liable under the doctrine of *respondeat superior*.

46. Defendant City of New York knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

47. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

48. Defendant City of New York has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

49. Defendant City of New York has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

50. Defendants subjected plaintiff to false arrest and false imprisonment.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant City of New York in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(FOURTH AMENDMENT)

52. Paragraphs 1 through 51 are incorporated herein by reference.

53. Police Officers Michael Banks, Elvedin Gutic, Steven Andersen, Ryan Chan, Gregory Creamer and Eric Giuiliani of the New York City Police Department arrested plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

54. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth

and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

55. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

56. Paragraphs 1 through 55 are incorporated herein by reference.

57. Police Officers Michael Banks, Elvedin Gutic, Steven Andersen, Ryan Chan, Gregory Creamer and Eric Giuiliani of the New York City Police Department illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

58. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and

Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

59. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
(ASSAULT and BATTERY)

60. Paragraphs 1-59 are incorporated herein by reference.

61. Police Officers Michael Banks, Elvedin Gutic, Steven Andersen, Ryan Chan, Gregory Creamer and Eric Giuiliani of the New York City Police Department without just cause, willfully and maliciously touched plaintiff without his authorization and used physical force on plaintiff, causing plaintiff to suffer physical and emotional injuries, including but not limited to a tear to a ligament in plaintiff's right shoulder.

62. Defendants touched plaintiff without his authorization by grabbing him by the shoulder, pushing him against a wall, handcuffing him, dragging him up five flights of stairs, and violently yanking his arms above his head for approximately three minutes.

63. Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
       September 9, 2013

Bromberg Law Office, P.C.

By: Brian L. Bromberg
    One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036

## Certificate of Service

I, Brian L. Bromberg, an attorney, hereby certify that on this day I served by email and first class mail the attached *Plaintiff's Second Amended Complaint* on Ariel S. Lichterman, Esq., at the address and email below:

> Ariel S. Lichterman, Esq.
> Special Assistant Corporation Counsel
> Special Federal Litigation Division
> NYC Law Department
> 100 Church Street
> New York, NY 10007
> alichter@law.nyc.gov

Dated: New York, New York
September 9, 2013

*/s/ Brian L. Bromberg*
Brian L. Bromberg